IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARNAE ADAMS, BEVERLY ADAMS, TAMEKA ADAMS, TYRONE MITCHELL, MALAKI ADAMS, a minor by and through natural parent SHARNAE ADAMS, TRENT ADAMS, a minor by and through natural parent TAMEKA ADAMS, TROY ADAMS, a minor by and through natural parent TAMEKA ADAMS, SERENA ADAMS, a minor by and through BEVERLY ADAMS, TAMMY MITCHELL, a minor by and through natural parent TYRONE MITCHELL, TAMARA SPELLMAN, a minor by and through natural parent JANET JENKINS, AND JADE ADAMS, a minor by and through natural parent JACQUELINE ADAMS, <br><br> Plaintiffs, <br><br> v. <br><br> US AIRWAYS GROUP, INC. and US AIRWAYS, INC. <br><br> Defendants. | Civil Action No. 2:12-cv-05603-MSG <br><br> Hon. Mitchell S. Goldberg |

## ANSWER OF DEFENDANTS US AIRWAYS GROUP, INC. AND US AIRWAYS, INC.

Defendants US Airways Group, Inc. and US Airways, Inc., by and through their attorneys, hereby answer the First Amended Complaint and Jury Demand ("First Amended Complaint") filed in this matter by Plaintiffs Sharnae Adams, et al. as follows:

## PARTIES

1.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 1 of the First Amended Complaint.

2.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 2 of the First Amended Complaint.

3.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 3 of the First Amended Complaint.

4       Defendants deny, for lack of knowledge or information, the allegations in Paragraph 4 of the First Amended Complaint.

5.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 5 of the First Amended Complaint.

6.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 6 of the First Amended Complaint.

7.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 7 of the First Amended Complaint.

8.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 8 of the First Amended Complaint.

9.      Defendants deny, for lack of knowledge or information, the allegations in Paragraph 9 of the First Amended Complaint.

10.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 10 of the First Amended Complaint.

11.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 11 of the First Amended Complaint.

12.     Defendants admit the allegations in Paragraph 12 of the First Amended Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the First Amended Complaint as to Defendant US Airways Group, Inc., which is a holding company with no operations. Defendants admit the allegations in Paragraph 13 of the First Amended Complaint as to

Defendant US Airways, Inc.

14.     Defendants deny the allegations in Paragraph 14 of the First Amended Complaint as to Defendant US Airways Group, Inc., which is a holding company with no operations. Defendants admit the allegations in Paragraph 14 of the First Amended Complaint as to Defendant US Airways, Inc.

<div align="center"><b><u>JURISDICTION AND VENUE</u></b></div>

15.     Paragraph 15 of the First Amended Complaint states a conclusion of law to which no response is required.

16.     Paragraph 16 of the First Amended Complaint states a conclusion of law to which no response is required.

<div align="center"><b><u>FACTS</u></b></div>

17.     Defendants admit the allegations in Paragraph 17 of the First Amended Complaint.

18.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 18 of the First Amended Complaint.

19.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 19 of the First Amended Complaint.

20.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 20 of the First Amended Complaint.

21.     Defendants admit that Plaintiffs were on US Airways' aircraft, but deny, for lack of knowledge or information, the remainder of the allegations in Paragraph 21 of the First Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 23 of the First Amended Complaint.

24.     Defendants admit that one of the Plaintiffs moved a small child to an exit row, but deny, for lack of knowledge or information, the remainder of the allegations in Paragraph 24 of the First Amended Complaint.

25.     Defendants admit the allegations in Paragraph 25 of the First Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the First Amended Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

31.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 31 of the First Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the First Amended Complaint.

33.     Defendants admit the allegations in Paragraph 33 of the First Amended Complaint.

34.     Defendants deny the allegation in Paragraph 34 of the First Amended Complaint that they were "forced off" the airplane, which suggests that Plaintiffs were somehow forcibly removed, but admit that Plaintiffs were informed that they needed to disembark from the aircraft.

35.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 35 of the First Amended Complaint.

36.     Defendants deny, for lack of knowledge or information, the allegations in

Paragraph 36 of the First Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the First Amended Complaint.

39.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 39 of the First Amended Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 41 of the First Amended Complaint, except admit that Plaintiffs were allowed to board a later flight to Orlando, Florida on July 5, 2010.

42.     Defendants deny the allegation in Paragraph 42 of the First Amended Complaint that Plaintiffs arrived in Orlando, Florida "much later," but admit that Plaintiffs arrived in Orlando, Florida later than the time they were scheduled to arrive on their original flight.

43.     Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44.     Defendants deny, for lack of knowledge or information, the allegations in Paragraph 44 of the First Amended Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

**Count I - Racial Discrimination**

**42 U.S.C. Section 1981 - Discrimination in the Making and Enforcement of Contracts**

48.     In response to Paragraph 48 of the First Amended Complaint, Defendants reassert their responses to Paragraphs 1 through 47 of the First Amended Complaint as if fully set forth herein.

49.     Paragraph 49 of the First Amended Complaint states a conclusion of law to which no response is required.

50.     Defendants deny the allegations in Paragraph 50 of the First Amended Complaint, including subparts a., b., and c.

51.     Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the First Amended Complaint.

In response to the WHEREFORE clause following Paragraph 56 of the First Amended Complaint, Defendants deny that Plaintiffs are entitled to a judgment in their favor and to any relief requested in that clause.

## Count II

### Negligent Screening, Hiring, Training, Supervising, Disciplining and/or Retaining

57.     Paragraph 57 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants reassert their responses to Paragraphs 1 through 56 of the First Amended Complaint and Jury Demand as if fully set forth herein.

58.     Paragraph 58 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59.     Paragraph 59 of the First Amended Complaint does not require a response

because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60.     Paragraph 60 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61.     Paragraph 61 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62.     Paragraph 62 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63.     Paragraph 63 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64.     Paragraph 64 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

65.     Paragraph 65 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66.     Paragraph 66 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67.     Paragraph 67 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68.     Paragraph 68 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69.     Paragraph 69 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70.     Paragraph 70 of the First Amended Complaint does not require a response because Count II has been dismissed in its entirety.  To the extent that a response is required, Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

In response to the WHEREFORE clause following Paragraph 70 of the First Amended Complaint and Jury Demand, Defendants deny that Plaintiffs are entitled to a judgment in their favor and to any relief requested in that clause.

### Count III - Negligence

### Breach of Duty of Common Carrier

71.     In response to paragraph 71 of the First Amended Complaint, Defendants reassert their responses to Paragraphs 1 through 70 of the First Amended Complaint as if fully set forth herein.

72.     Defendants deny the allegations in Paragraph 72 of the First Amended Complaint.

73.     Paragraph 73 of the First Amended Complaint does not require a response because Count III's allegations pertaining to failure to provide proper seatbelts have been

dismissed. To the extent that a response is required, Defendants deny the allegations in Paragraph 73 of the First Amended Complaint.

74.     Paragraph 74 of the First Amended Complaint does not require a response because Count III's allegations pertaining to failure to provide proper seatbelts have been dismissed. To the extent that a response is required, Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75.     Paragraph 75 of the First Amended Complaint states a conclusion of law to which no response is required.

76.     Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

In response to the WHEREFORE clause following Paragraph 77 of the First Amended Complaint, Defendants deny that Plaintiffs are entitled to a judgment in their favor and to any relief requested in that clause.

Defendants deny each and every allegation not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving their right to assert other defenses as discovery proceeds, Defendants assert the following affirmative defenses to the claims set forth in the First Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, are barred because Defendants were justified in any and all of its actions taken with respect to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because all actions taken by Defendants

with respect to Plaintiffs were motivated by legitimate, non-discriminatory considerations.

### THIRD AFFIRMATIVE DEFENSE

Defendants acted in good faith and on the basis of a good faith and reasonable belief that it complied fully with all applicable laws with respect to actions taken concerning Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

At the time Defendants made the decision to remove Plaintiffs from the aircraft, Defendants had reasonable grounds for doing so, including but not limited to safety reasons.

### FIFTH AFFIRMATIVE DEFENSE

Assuming *arguendo* (while denying) that Plaintiffs could prove that race was a factor motivating the removal decision, the same decision would have been made based on legitimate considerations.

### SIXTH AFFIRMATIVE DEFENSE

Assuming *arguendo* (while denying) that Plaintiffs suffered any non-economic or economic injury as a result of any action by Defendants, Plaintiffs have not demonstrated, and cannot demonstrate, facts sufficient to warrant compensatory or punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a jury trial on claims resolvable as a matter of law, and Plaintiffs' jury demand should be limited accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants exercised the requisite standard of care by maintaining policies, programs, and procedures for the prevention, detection, and correction of unlawful discriminatory practices by employees, agents, and independent contractors.

## NINTH AFFIRMATIVE DEFENSE

Assuming *arguendo* (while denying) that Defendants' employees or any of them committed any of the acts alleged in the Complaint, such acts were committed outside the scope of employment and not by agents of Defendants and, thus, Defendants are not liable for such acts.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, to the extent they arise under state law, are preempted, in whole or in part, by federal law, including but not limited to the Airline Deregulation Act and/or the Federal Aviation Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, to the extent they arise under federal law, are precluded, in whole or in part, to the extent they are inconsistent with federal law, including but not limited to the Airline Deregulation Act and/or the Federal Aviation Act.

## TWELFTH AFFIRMATIVE DEFENSE

Under 49 U.S.C. § 44902, US Airways had the right to refuse to transport Plaintiffs based on the Captain's decision that Plaintiffs were, or might have been, inimical to safety, and the Captain's decision was not arbitrary or capricious.

## THIRTEENTH AFFIRMATIVE DEFENSE

Assuming *arguendo* (while denying) that Plaintiffs were entitled to recover for any injury alleged in the Complaint, then the total amount of damage as to which Plaintiffs would otherwise be entitled shall be reduced in proportion to the amount of negligence attributable to Plaintiffs, which negligence directly and proximately contributed to Plaintiffs' injury herein alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly assumed the risk, if there was any risk, of any injury herein alleged.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert them.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to perform the conditions of any contract alleged by the Complaint excused any alleged failure to perform by Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants were privileged to take any and all actions alleged by Plaintiffs by the terms of the parties' agreements.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants were privileged to take any and all actions alleged by Plaintiffs in the interest of public safety.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are "frivolous, unreasonable, or groundless," within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly, Defendants should recover all costs and attorneys' fees incurred herein.

Defendants reserve the right to raise any additional affirmative or other defenses not asserted herein of which they become aware through discovery or other investigation.

**WHEREFORE**, Defendants US Airways Group, Inc. and US Airways, Inc. demand judgment as follows:

A.      That Plaintiffs' First Amended Complaint and each cause of action therein be dismissed with prejudice;

B.      That Plaintiffs' requests for damages, remedies, fees, costs, and other relief be

denied in their entirety, and that Plaintiffs take nothing by way of the First Amended Complaint;

C.      That Defendants be awarded their costs, disbursements, and attorneys' fees

incurred in this action; and

D.      That the Court order such other and further relief for Defendants as the Court

deems just and proper.

Dated: November 1, 2013.

<div style="margin-left:50%">

Respectfully Submitted,


/s/George A. Voegele, Jr.
George A. Voegele, Jr.
Raymond A. Kresge
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103-3508
gvoegele@cozen.com
rkresge@cozen.com
(215) 665-2000

and

/s/Mark W. Robertson
Mark W. Robertson (admitted *pro hac vice*)
O'Melveny & Myers LLP
Times Square Tower
Seven Times Square
New York, NY 10036
mrobertson@omm.com
(212) 326-2000

*Attorneys for Defendants US Airways*
*Group, Inc. and US Airways, Inc.*

</div>